STATE *vs.* GEORGE MARION GAVIN *et al.*

JULY 1, 1952.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J.   This indictment charges that George Marion Gavin, Albert J. Knight, Albert James Little, and James Edward Nelson on April 19, 1950, while in the perpetration of a robbery, murdered Charles Kimatian.   The defendant Little demanded a separate trial and his case was later disposed of by the state.   At the conclusion of the state's case, counsel for defendant Nelson moved for dismissal of the indictment against him and this motion was granted.   The case then proceeded to trial against the defendants Gavin and Knight and resulted in a verdict of guilty as to both.   It is now before us on the bill of exceptions of defendant Gavin alone.

The record shows that on the evening of April 19, 1950 defendants Gavin and Knight entered the liquor store operated by Charles Kimatian at 327½ Dexter street in the city of Providence in this state, and while the cash register was being looted one of them shot Kimatian, who died as a result thereof.   Gavin and Knight each accused the other of the actual shooting.

Exceptions numbered 1 and 2 relate to the admission in evidence of two answers given by defendant Little to William Ackerman, a Connecticut state trooper, at the hospital in Willimantic, Connecticut, on April 17, 1950, two days before the alleged murder.   In these answers said defendant gave only his name and address.   The questions and answers objected to were merely routine in the investigation of an automobile accident in which defendants Gavin and Little were involved.   They did not relate to the

murder of two days later and in no way could have prejudiced the defendant's rights. These exceptions are overruled.

Exceptions 3 and 4 relate to an alleged signed statement that Gavin gave to Ackerman at the hospital. The objection was not to the signature but rather to the *contents* of the statement which did not relate to the murder that had not then been committed. It was not admitted in evidence, nor was any examination based thereon, and consequently defendant Gavin was not prejudiced thereby. These exceptions are overruled.

Exception 6 relates to an answer given by Lorraine Smith, record librarian at the Willimantic Community Memorial Hospital. She had stated *without objection* that the name of another patient treated at the hospital at the same time as Gavin was Albert Little. She was then asked and gave the address of Little as indicated on the record. This question and answer related to the automobile accident on April 17, 1950. In any event defendant Gavin himself testified that Little was with him and was treated at the hospital after this accident. In such circumstances, even assuming that the statement as to Little's address was improperly admitted, defendant Gavin was not prejudiced thereby. This exception is overruled.

Exception 9 relates to a physical examination of Little at the state institutions on April 22, 1950. Doctor Charles Gannon had testified that his examination confirmed what his assistant had found on the previous day. The defendant's counsel stated that he had no objection to the doctor testifying as to what he found on his own examination. The court then told the witness: "Whatever you found yourself you may testify." The witness then testified, *without objection,* as to his own examination and findings. We find no merit in this exception and it is overruled.

Exceptions 10 and 11 relate to statements, in the nature of confessions, made to the Providence police by defendants Knight, Gavin, and Nelson, in which each defendant

implicated one or both of the other defendants. A copy of each statement was presented respectively as state's exhibits 17, 18 and 19. No contention was made that such statements were not voluntary and no objection was made as to the use of copies. In presenting such exhibits, wherever the name of a defendant other than the one making the statement was used, the word "blank" was substituted. Counsel for defendant Gavin contends that such statements were inadmissible unless each entire sentence containing the name of another defendant was deleted therefrom. As authority for such contention he cites the case of *State* v. *Boswell,* 73 R. I. 358, 364.

We cannot agree with this contention. While it is true that a statement or confession of the kind here involved binds only the defendant who made it, it does not follow that such statement is to be disregarded entirely because one defendant in incriminating himself or admitting his own guilt may also incriminate therein another defendant. Such statement may be used against the maker if matters prejudicial to other defendants are deleted. This was done in the instant case. The word "blank" was substituted wherever the names of other defendants appeared in these statements. It amounted to the same thing as if a dash, blank space or asterisks had been used to prevent inclusion of another defendant's name.

The case of *State* v. *Boswell, supra,* is unlike the instant case because in the *Boswell* case the entire statements in the confession of a codefendant implicating another defendant in the commission of a robbery were submitted to the jury. It was there held that if a defendant believes the confession of a codefendant contains matter prejudicial to him, he should move that such matter be suppressed or deleted from the confession, and that his failure to do so, especially in view of the clarifying instructions given to the jury by the court, left him without further remedy.

In the instant case the objectionable matter was actually deleted, not upon motion of the defendant but by the

450

state itself, when it substituted the word "blank" in the statement of each defendant wherever the name of another defendant appeared therein. Exceptions numbered 10 and 11 are therefore overruled. The other exceptions have been expressly waived and are therefore overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court.

*William E. Powers,* Attorney General, *Edward F. J. Dwyer,* Assistant Attorney General, for State.

*Aram A. Arabian, John J. McGrane,* for defendant Gavin.